## CHARLEY HAMILTON v. THE STATE.

### No. 257. Decided January 26, 1910.

**1.—Local Option—Charge of Court—Principal.**

Where, upon trial of a violation of the local option law, the evidence tended to show that the defendant acted with another in the sale of the alleged whisky and the court properly, although not technically, applied the law of principals to the facts in his charge, there was no error.

**2.—Same—Charge of Court—Requested Charges—Misdemeanor.**

Where, upon trial of a violation of the local option law, the court sub-

stantially charged the law applicable to the facts, and the defendant failed to request special charges, there was no error.

Appeal from the District Court of Jasper. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*C. L. Gordon* and *W. W. Blake,* for appellant.—On question of court's charge on principals: Walker v. State, 44 Texas Crim. Rep., 569, 72 S. W. Rep., 401; Penal Code, art. 407.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a local option conviction, the punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The information charged the sale by appellant to one Sales. The facts, in substance, show that the · transaction occurred on the 19th of June at a negro celebration. There was considerable whisky on the ground where the celebration occurred, which was out or near a little sawmill station. Sales, the alleged purchaser, called a negro named Brooks, and gave him $1.50 with which to buy some whisky. Brooks took the money and went off thirty or forty steps to where appellant was standing and had a conversation with appellant. Brooks says that he asked appellant where his, Brooks', whisky was, and in substance stated that these parties wanted some whisky. It is then shown that appellant went with Ford and Sales off some distance where there were three bottles of whisky. As they rode up appellant pointed to the whisky or said, without pointing—the testimony is a little vague at this point—to Ford and Sales, "There is your whisky." Sales got a bottle for himself and handed the other two to appellant. The testimony seems to be clear that Brooks kept the money intending to return it to Sales, but was arrested before doing so, and almost immediately after the transaction. That upon being arrested he gave the money to the officer who took him in charge. Sales says he did not buy any whisky from appellant, but detailed the facts practically as above stated, and also that he did not know what occurred between Brooks and appellant during the conversation after he gave Brooks the money.

The court charged the jury as follows: "If you believe that the witness Sales gave to the witness Brooks $1.50 to get whisky for him, and the witness Brooks went to the defendant Hamilton and had a conversation with him, and the defendant after said conversation went with the witnesses Ford and Sales, and showed and delivered to Sales a bottle of whisky, and that he did so acting under the instruction, words or advice from the said witness Brooks, and that he said Charley

Hamilton received or expected to receive anything of value for the said whisky, if any he delivered to said Sales, such would in law constitute a sale, whether any money or anything of value passed to him or not at the time it was delivered, it is necessary, however, to constitute the sale that the said Hamilton either received or expected to receive from the witness, Oscar Brooks, pay for the same." Appellant reserved exception to this charge of the court.

The court gave, in this connection, the following charge: "But, gentlemen, if the defendant went with the witnesses Ford and Sales to where the whisky was in the woods, and there showed the witness Sales the bottle of whisky and that the said Sales took the whisky, and the said defendant Hamilton did not receive or expect to receive pay therefor, then it should not constitute a sale, and if you so believe you will find him not guilty."

The exception was only reserved in the motion for a new trial, and no special charges were asked. We are of opinion that while this charge is not artistically drawn, that it fairly presents the issues to the jury made by the evidence. If appellant was interested in the whisky that Sales got under the circumstances, and the jury believed that it was a sale by Brooks, and appellant assisted in the sale, knowing that Brooks was transferring the property so as to constitute a sale, then appellant would be guilty. It would constitute him a principal in the transaction. If defendant owned the whisky and transferred the whisky for consideration either in hand or to be paid subsequently, then it was a sale by appellant. If the whisky was transferred to Sales not as a sale but as a gift, without any expectation of receiving pay for it, or the understanding that he was to receive pay for it, then he would not be guilty. We are of opinion that the charges quoted above submitted these questions to the jury at least in substantial fairness. If appellant had desired more accurate charges he should have asked special charges, this being a misdemeanor case. We are of opinion, therefore, that the court presented these questions fairly well to the jury in the charge, and if they believed, under the circumstances, there was a transfer of the title to the property with the understanding that the $1.50 that Brooks had was to pay for it or that appellant was to receive pay for it afterwards, or if they believed Brooks received pay for it, and appellant carried the parties to where the whisky was and delivered same to them, by pointing out the whisky it would be a delivery, and then he would be guilty whether he received anything or not. Appellant could have been guilty without receiving or expecting to receive money if he knew Brooks was selling the whisky, and carried the parties to where the whisky was and delivered it to the purchasers with knowledge of the sale. In that instance he would be acting as agent of Brooks in transferring the property, and, therefore, if the jury believed, as charged by the court, then the evidence would be sufficient to justify the verdict.

Believing that there is no error of such magnitude as requires the judgment to be reversed, it is ordered that it be affirmed.

*Affirmed.*

McCord, Judge, not sitting.